Confid...

# IN THE SUPERIOR COURT
# OF GUAM

FILED
SUP... ...RT
2012 ... 11 ... 3:36
CLERK OF COURT
BY

GUAM GREYHOUND, INC. and JOHN )     Civil Case no. CV0960-06
BALDWIN, )
)
            Plaintiffs, )     **DECISION AND ORDER**
)   re: Motion to Enlarge Time to File Application
    v. )         for Attorney's Fees and Costs
)
)
DOROTHY BRIZILL and Does 1-20, )
)
           Defendant. )
)
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on Defendant's motion to enlarge time to file an application for attorney's fees and costs. The Plaintiffs were represented by attorney Jacques G. Bronze. Defendant was represented by attorney Jeffrey A. Cook. After considering the matters presented, the court now issues the following decision and order granting Defendant's motion.

## BACKGROUND

On January 6, 2012, the Court issued a decision and order granting the Defendant's motion for entry of scheduling order and discovery plan. The Court directed the Defendant to prepare and file an application for fees and costs within thirty (30) days of the January 6, 2012 decision and order, itemizing her litigation expenses, the work reasonably performed by her attorneys, and her attorneys' reasonable hourly rates. Defendant was also ordered to provide the court with affidavits or declarations from experienced counsel attesting to the reasonableness of both the hours expended and the reasonableness of the hourly rate requested.

On February 22, 2012, Defendant filed her motion to enlarge time to file an application for attorney's fees and costs. Defendant asks the Court for an enlargement of time due to her

attorney's absence from his office and his back injury. On February 24, 2012, Plaintiffs filed an opposition to the Defendant's request. Plaintiffs argue that the Defendant should not be granted an enlargement of time because she has not shown "excusable neglect" for her delay.

## DISCUSSION

Guam Rules of Civil Procedure Rule 6(b)(2) provides a court with the discretion to enlarge a time period upon a showing of "excusable neglect". Furthermore, the United States Supreme Court's decision on the concept of excusable neglect was laid out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The *Pioneer* decision arose in the bankruptcy context and involved the "bar date" for the filing of claims. The Court in *Pioneer* established a four-part balancing test for determining whether there had been "excusable neglect" within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1). The Court also reviewed various contexts in which the phrase appeared in the federal rules of procedure and made it clear the same test applies in all those contexts. The *Pioneer* factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Id.*

In the instant case, the Court finds that factors 1, 2 and 4 all weigh in favor of granting the Defendant additional time to file her application for fees and costs. Nothing in the record indicates that the Plaintiffs will be prejudiced by extending the deadline. The Court also notes that there are no proceedings currently scheduled in this case, and the request was submitted shortly after the 30 day deadline. Thus, the delay and impact on the judicial proceedings in this case is minimal. Lastly, there is no evidence to suggest that either the Defendant or the

Defendant's attorneys acted in bad faith. Therefore, the only factor that may weigh in favor of not extending the deadline is the reason for the delay.

In the declarations of both of the Defendant's attorneys, the reason set forth by the Defendant for the delay was inadvertence, mistake, or carelessness. More specifically, Attorney Cook was absent from December 4, 2011 to December 31, 2011 because of a vacation in which he injured his back, which lead him to catch up and review numerous matters; Attorney Cook's office did not forward the Court's January 6, 2012 decision and order to Attorney Spitzer; and either Attorney Cook's failed to review the Court's January 6, 2012 decision and order or Attorney Cook believed the Court would issue a Scheduling Order and Discovery Plan. Although the reasons set forth by the Defendant imply that her attorneys may have been careless or made a mistake as to the 30 day deadline, the Court finds that such carelessness or mistake in light of the other factors provided in *Pioneer* is "excusable neglect".

In this case, the Court holds that (1) there is no prejudice, (2) the length of delay was small, (3) the reason for the delay was inadvertence and mistake, and (4) there is no evidence of bad faith.

## CONCLUSION

Based on the foregoing, the court holds that because (1) there is no prejudice, (2) the length of delay was small, (3) the reason for the delay was inadvertence and mistake, and (4) there is no evidence of bad faith, the Defendant's motion to enlarge time to file an application for attorney's fees and costs is GRANTED.

Defendant shall have seven (7) days from the date of this order to submit its application.

SO ORDERED, this _11_ day of _June_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 1 1 2012

James R. Borja
Deputy Clerk, Superior Court of Guam